IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIGETTE D. WILLIAMS, § <br> # 32114-009, § <br>     PETITIONER, § <br> § <br> v. § <br> § <br> BUREAU OF PRISONS, § <br>     RESPONDENT. § | CIVIL CASE NO. 3:23-CV-1004-X-BK |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review, the petition is moot and should thus be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

On March 28, 2023, Williams, a federal inmate serving her sentence on home confinement in Arkansas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Doc. 1 at 1. At the time she filed her petition, it appears Williams was under the supervision of a residential reentry center through the Bureau of Prisons' (BOP) Dallas Residential Reentry Management. *See id.*; Doc. 11 at 1-2.

In her § 2241 petition, she asserts a single ground for relief: "The BOP is not following the law as passed by Congress contained in the First Step Act as to the calculation of my First Step Act Earned Time Credits." Doc. 1 at 6. She seeks release from BOP custody to supervised release. *See id.* at 7. The Government filed a response on May 25, 2023, Doc. 11, but Williams did not file a reply. Subsequently, on June 16, 2023, the BOP released Williams from custody to

begin serving her term of supervised release.  *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Feb. 1, 2024).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.").  If a controversy becomes moot, the court should dismiss the case for lack of subject matter jurisdiction.  *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

By her petition, Williams challenged the BOP's calculation of her earned time credits under the First Step Act, and the only relief she requested was earlier release from BOP custody to supervised release.  *See* Doc. 1 at 6-7.  As Williams now has been released from BOP custody to supervised release, and has not alleged or demonstrated any other collateral consequence of her alleged miscalculated time credits, it appears she has received all the relief she sought.  Her subsequent release from BOP custody therefore renders moot her § 2241 petition.

Accordingly, Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on February 3, 2024.

.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).